"O"

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 1 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| SOPHAN POK, | Case No. CV 12-9347-JVS (MLG) |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| HOLLAND, Warden, | |
| Respondent. | |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition as successive under 28 U.S.C. § 2244(b)(3)(a), a COA is denied.

Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.

1   P. 22(b); *see also Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir.

2   2009).

3      The court determines whether to issue or deny a COA pursuant to

4   standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);

5   *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c).

6   Ordinarily, a COA may be issued only where the petitioner has made

7   a "substantial showing of the denial of a constitutional right." 28

8   U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. Where, as here, the

9   district court dismisses a habeas corpus petition without reaching

10   the prisoner's underlying constitutional claim, a COA should issue

11   when the prisoner shows, at least, that jurists of reason would find

12   it debatable whether the petition states a valid claim of the denial

13   of a constitutional right and that jurists of reason would find it

14   debatable whether the district court was correct in its ruling.

15   *Slack*, 529 U.S. at 484; *Gonzalez v. Thayer*, 132 S.Ct. 641, 648 (2012);

16   *See also Miller-El*, 537 U.S. at 338.

17      In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the

18   court noted that this amounts to a "modest standard". (Quoting

19   *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,

20   the standard for granting a COA has been characterized as

21   "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir.

22   2004). A COA should issue when the claims presented are "adequate

23   to deserve encouragement to proceed further." *Slack*, 529 U.S. at

24   483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see*

25   *also Silva*, 279 F.3d at 833. If reasonable jurists could "debate"

26   whether the petition could be resolved in a different manner, then

27   the COA should issue. *Miller-El*, 537 U.S. at 330.

28   //

1   Under this standard of review, a COA will be denied. In
2   dismissing this petition for writ of habeas corpus, this Court found
3   that the petition was challenging the same conviction and sentence
4   which was the subject of an earlier petition that was denied on the
5   merits. Petitioner cannot make a colorable claim that jurists of
6   reason would find debatable or wrong the decision dismissing the
7   petition as successive.

8   Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a
9   certificate of appealability.

10

11  Dated: _____11.19.12_____

12

13                                                James V. Selna
14                                                United States District Judge

15

16  Presented By:

17

18  _____
    Marc L. Goldman
19  United States Magistrate Judge

20

21

22

23

24

25

26

27

28